SONENKLAR *v.* FARMINGTON TOWNSHIP BOARD

1. PROPERTY—LIENS—CANCELLATION—TITLE IN STATE.

Any lien or special assessment which is charged against land at the time the title to the land becomes absolute in the state because of unpaid taxes is cancelled (MCLA § 211.67a).

2. MUNICIPAL CORPORATION—SEWER CHARGE—TITLE IN STATE— LIENS—CANCELLATION.

Township's ordinance imposing a charge equal to the amount of any due and unpaid lien or special assessment for its sewage system before the owner of land can connect his property to the township's sewage system was invalid, because it conflicts with a state statute declaring cancelled any lien or special assessment against land at the time the title to the land becomes absolute in the state because of unpaid taxes.

3. PROPERTY—LIENS—TITLE IN STATE—CANCELLATION—STATUTES.

The purpose of the statutory cancellation of any lien or special assessment against land at the time the title to the land becomes absolute in the state because of unpaid taxes is to increase the possibility of purchase of the land by a third party and thus to return the land to the tax rolls; a township's imposing a special charge equal to any unpaid lien or special assessment for sewer and drains against a property owner's land before the property owner can connect land with the township's sewer system frustrates the statutory policy.

Appeal from Oakland, William John Beer, J. Submitted Division 2 April 10, 1970, at Detroit. (Docket No. 7,391.) Decided July 28, 1970.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur 2d, Liens §§ 18, 40.

Complaint by Sol Sonenklar, Hilda Sonenklar and Barton Homes, Inc., against the Township Board of Farmington Township to recover a sewer connection charge paid under protest. Summary judgment for plaintiffs. Defendant appeals. Affirmed.

*Lampert & Fried,* for plaintiffs.

*Brennan & Bibeau,* for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

V. J. BRENNAN, J. This is an action to recover approximately $11,000 paid to defendant Farmington Township under an ordinance requiring the payment of a sewer connection charge equal to the aggregate amount of any unpaid special assessments levied against the land for the township's sewer and drain system. The trial court concluded that the charge requirement conflicts with § 67a of the general property tax law** and granted summary judgment in the plaintiff landowners' favor. We agree with the trial court's conclusion and affirm.

The land in question was purchased by the plaintiffs' predecessors in title at a tax sale conducted by the State of Michigan under the general property tax law. Among the several liens on the land at the time title became absolute in the state was one for an unpaid special assessment levied for the township's sewer and drain system. This lien, along with the others, was cancelled under § 67a once title to the land became absolute in the state:

"All taxes and special assessments which are charged against or are liens upon said lands at the

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 211.67a (Stat Ann 1960 Rev § 7.112[1]).

time the title becomes absolute in the state, and all taxes and special assessments which are charged against or are liens upon lands sold by the department of conservation or the state land office board on land contract at the time any such land contract is forfeited, shall be cancelled, but no part of such taxes due to the inferior taxing units shall be charged to the state, but the state, and its inferior taxing units, respectively, shall bear the loss on such taxes which properly belongs to each, and the county treasurer shall make lists of all such lands in each taxing unit of the county and transmit such lists to respective assessing officers of the county in which lands are located."

Despite the statutory cancellation, the plaintiffs were informed by township authorities that a charge equal to the unpaid special assessment would have to be paid before a permit to connect to the system would be granted. The charge was authorized by section 8 of the Farmington Township sewer connection charge ordinance #18, which provides in relevant part:

"Section 8: At the time a permit is applied for to connect any property within the Township of Farmington to any public sewer or drain, the cost of which shall have been specially assessed against said property by either said township or the County of Oakland, there shall be charged to and collected from the owner of said property or the applicant for a connection permit an additional connection charge, in addition to the other charges above provided in this ordinance, which charge shall be equal to the aggregate amount, including interest and penalties, of installments of special assessments against said property for said public sewer or drain which are then due and unpaid, whether or not said special assessments are at that time a lien on said property."

The plaintiffs paid the charge under protest.

Section 67a has been authoritatively construed as prohibiting the levy of deficiency assessments after the land has been sold at a tax sale. The Supreme Court said in *Municipal Investors Ass'n* v. *City of Birmingham* (1941), 298 Mich 314:

"The clear import of the language of the foregoing amendatory enactments, and the obvious intent and purpose of the legislature to relieve owners from the weight of accumulated obligation, * * * must lead one to the conclusion that when title to the lots here in question became absolute in the State of Michigan upon expiration of the period of redemption provided by the tax law free of all taxes and other liens and encumbrances of whatever kind or nature, and future and deficiency as well as past assessments and taxes were cancelled. To hold otherwise would defeat the purpose of this remedial legislation by a narrow and unwarranted construction, and would once again give rise to the vicious circle of assessment based upon inflated valuation; refusal or inability of the owner to pay, followed by a sale of the premises pursuant to the State's sovereign power of enforcing the collection of taxes." (at p 325)

"The legislative body of the State has determined in what manner lands owned by the State shall be sold. In a long and able opinion to which reference has been made the constitutionality of this legislation was upheld, and having determined that the right to make any further special deficiency assessments as well as actual assessments made *are totally and completely extinguished and cancelled,* it follows that petitioner's demand for a writ of mandamus should be and is denied." (at p 327; emphasis added)

The defendant township acknowledges this prohibition on deficiency assessments but contends that the ordinance nevertheless does not conflict with the

statute, since the charge authorized by the ordinance is neither a special assessment nor a lien. It is neither a special assessment nor a lien, the township argues, because it need not be paid unless and until the landowner chooses to use the sewer system. This line of argument is without merit.

The purpose of section 67a is defined by the Supreme Court in *Keefe* v. *Oakland County Drain Commissioner* (1943), 306 Mich 503, 512, *aff'd* (1944), 322 US 393 (64 S Ct 1072, 88 L Ed 1346):

" * * * if the lands were again subject to a deficiency assessment, after sale to the State and conveyance by it to a third party, the possibility of the restoration of this property to the tax rolls would be considerably lessened because prospective buyers might well hesitate to assume such an obligation."

In light of the statute's purpose it can hardly be argued that the statute and ordinance do not conflict. The payment of a charge equal to the unpaid special assessment as a prerequisite to the use of essential sewage facilities is as burdensome to a sale for taxes as the payment of the special assessment itself. The charge requirement, we conclude, amounts to no more than an attempt to do indirectly that which cannot be done directly.

Since the charge requirement contravenes the state statute, it is invalid. *Richards* v. *City of Pontiac* (1943), 305 Mich 666. The order granting summary judgment in plaintiffs' favor is affirmed.

All concurred.